UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62486-CIV-SINGHAL

LENAR PAZ MURILLO,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the
United States Department of Homeland Security, *et al.*,

Respondents.
_________________________________/

**ORDER**

**PETITIONER LENAR PAZ MURILLO** was denied bond because the immigration judge found him to be a flight risk. Now he challenges that decision and argues that the hearing was constitutionally inadequate. But Petitioner raises these concerns before the wrong tribunal. Petitioner must appeal the immigration judge's decision to the Board of Immigration Appeals ("BIA") before he seeks the writ of habeas corpus. Because Petitioner has not exhausted his available remedies, his Petition for Writ of Habeas Corpus (DE [1]) is denied.[1]

I. LEGAL STANDARD

District courts have authority to grant writs of habeas corpus. 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal

---

[1] Exhaustion of remedies is not jurisdictional. Generally, courts do not raise the issue *sua sponte*. *See Pineda Guillen v. U.S. Att'y Gen.*, 2026 WL 1878494, at *2 (11th Cir. June 30, 2026). But in the habeas context, courts are authorized to deny petitions if "it appears from the application that the applicant or person detained is not entitled" to the relief requested. 28 U.S.C. § 2243. Because Petitioner has not exhausted his remedies, he is not entitled to relief from this Court. Thus, the Court denies the Petition (DE [1]).

law. *See* 28 U.S.C. § 2241(c)(3). The court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## II. DISCUSSION

Federal statutes and regulations have created a system for immigration detainees to obtain bond pending removal. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 1003.19. If a detainee is denied bond, the regulations allow the detainee to appeal to the BIA. *See* 8 C.F.R. § 1003.1(b)(7) ("Appeals may be filed with the Board of Immigration Appeals from the . . . [d]eterminations relating to bond, parole or detention of an alien . . . ."); *Bazoalto Suarez v. Warden, Miami Federal Detention Center,* No. 26-cv-21956, at *3 (S.D. Fla. Apr. 8, 2026) (Altman, J.,) ("If he disagrees with the Immigration Judge's decision, he must appeal it to the BIA."). The BIA can even consider challenges to the constitutionality of the immigration judge's hearing. *See Pineda Guillen v. U.S. Att'y Gen.*, 2026 WL 1878494, at *2 (11th Cir. June 30, 2026).

Instead of appealing to the BIA, Petitioner filed a Petition for Writ of Habeas Corpus. But before bringing a petition for writ of habeas corpus, a detainee generally must exhaust available administrative remedies. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Here, Petitioner did not exhaust his remedies. His concerns with his hearing below, including his constitutional challenges, could be addressed by the BIA on appeal. *See Pineda*, 2026 WL 1878494, at *2.[2] Petitioner has in fact filed an appeal. He should take the remedy that Congress has given him. Truly, Congress has determined that the BIA is better equipped than this Court to address issues with the immigration judge's order. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action

[2] Petitioner argues that the immigration court is not a neutral arbiter, but he fails to cite to any cases, law, or even treatises or literature supporting his argument. The Court rejects this argument for failure to brief.

or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Petitioner argues that the BIA cannot review the immigration judge's "discretionary decision to deny release." (DE [1] at 8). But the BIA is authorized to review the denial of bond, *see* 8 C.F.R. § 1003.1(b)(7), and it is *this* Court that lacks authority to review the government's "discretionary judgment regarding the application" of bond. 8 U.S.C. § 1226(e). This Court is not the proper tribunal for Petitioner's request.

Petitioner also raises a claim under the Administrative Procedures Act. Petitioner seems to argue that the Department of Homeland Security ("DHS") reversed course from past practice and a "2021 directive" in not granting bond. Petitioner references this 2021 directive twice but fails to explain what it is. The Court construes Petitioner's argument to challenge DHS's *2025* change in detention practices. But that argument fails for two reasons.

First, as this Court has explained previously, DHS's change in detention practices and decision to enforce the detention requirements of 8 U.S.C. § 1225 was a change in enforcement, not a change in rulemaking. *See Dominguez v. Mullin*, 832 F. Supp. 3d 1321, 1326 (S.D. Fla. 2026). Agencies cannot change how they exercise delegated legislative rulemaking authority without explaining their reasoning. *Id.* (describing *Judulang v. Holder*, 565 U.S. 42, 55-56 (2011) and *Motor Vehicle Manufacturers Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). But agencies are free to change their enforcement decisions without explaining their reasoning. *Id.* at 1326-27. Agencies enforce the law. The American people elect the president, who selects agency heads, to enforce the laws in specific ways. If the American people take issue with how the laws are being enforced—or not being

enforced—they elect a different president. DHS's decision to detain applicants for admission under § 1225 was, in this Court's view, an enforcement decision. DHS was not required to explain its reasoning.

Second, if the change in detention practices is indeed what Petitioner is challenging here, that is irrelevant to his case, because he was given a bond hearing. In 2025, DHS stopped giving bond hearings to aliens who, like Petitioner, were found in the interior of the country. Since Petitioner was given a bond hearing that change in detention practices is inapplicable here.

Finally, Petitioner argues that he is being detained indefinitely. The "[Supreme] Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). "[D]eportation proceedings 'would be [in] vain if those accused could not be held in custody pending the inquiry into their true character.'" *Id.* (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("[A]liens are not entitled to a bond hearing while they pursue withholding of removal."). The government may detain "deportable aliens during the limited period necessary for their removal proceedings." *Demore*, 538 U.S. at 526. The Supreme Court has held that detention for less than six months pending removal, *Zadvydas,* 533 U.S. at 701, and pending removal proceedings, *Demore*, 538 U.S. at 529-31, is presumed reasonable, and therefore constitutional. Petitioner here has been detained for five weeks. Because the Supreme Court has upheld the constitutionality and lawfulness of detention without bond for up to six months, Petitioner's detention has not become unconstitutionally indefinite.

III. CONCLUSION

Petitioner has failed to exhaust his remedies. His appeal is to the BIA. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus (DE [1]) is **DENIED**. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 17th day of September 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF